Louis L. Lettiere, Defendant in Error, v. N. L. Blackman and Leonard J. Williams. (N. L. Blackman, Plaintiff in Error.)

### Gen. No. 18,598.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES E. JENNINGS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed June 15, 1914.

### Statement of the Case.

Action by Louis L. Lettiere against N. L. Blackman and Leonard J. Williams in the Municipal Court of Chicago to recover the sum of ninety-five dollars from

defendants for commissions on the sale of certain real estate, which sum, as alleged in the statement of claim, defendants agreed to apply on the purchase price of four lots in Clarkdale, which lots plaintiff agreed to buy, but which defendants on request refused to transfer to plaintiff, after tender to defendants of the balance of the purchase price. Blackman alone was served with summons and he entered his appearance. The summons was returned "not found" as to Williams. The nature of Blackman's defense was, as disclosed from his affidavit of merits, that he was not jointly liable with Williams to plaintiff in any sum whatsoever, and that plaintiff was not entitled to recover any commissions from either of the defendants. The cause was tried before the court without a jury, resulting in a finding of the issues against Blackman and the assessment of plaintiff's damages at the sum of ninety-five dollars. A motion for a new trial was overruled, and judgment was rendered against Blackman for ninety-five dollars and costs, which judgment he seeks by this writ of error to reverse.

JOHN A. SWANSON, for plaintiff in error; AARON HEIMS, of counsel.

No appearance for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. PARTNERSHIP, § 252*—*when retiring member chargeable as a partner.* In an action against two defendants jointly to recover commissions on the sale of real estate, evidence, *held* sufficient to charge one of the defendants as a partner though the partnership was by agreement dissolved and notice of such dissolution published before the transactions with plaintiff, it appearing that the business

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was continued by the remaining partner in the firm name and that a contract with plaintiff was signed by both defendants.

2. BROKERS, § 71*—*when defense that plaintiff is not entitled to commissions not available.* In an action for commissions on the sale of real estate which plaintiff claimed defendants agreed to apply on the purchase price of lots which plaintiff agreed to purchase, and which defendant's refused to transfer to plaintiff after a tender of the balance of the purchase price, *held* that a defense that plaintiff was not entitled to commissions for the reason that he was the purchaser himself could not be urged where the refusal of the tender was not based on that ground.